UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAMEKA WILLIAMS                                                CIVIL ACTION

VERSUS                                                          NO: 08-5081

UNITED STATES OF                                                SECTION: A (1)
AMERICA, et al.

## Order and Reasons

Before the Court is a **Motion to Dismiss (Rec. Doc. 5)** filed by Defendant United States of America (erroneously named as both the "United States of America" and the "Department of Veterans"). Plaintiff, Shameka Williams, opposes the motion. The motion, originally set for hearing on February 4, 2000, is before the Court on the briefs. For the reasons that follow, the **Motion to Dismiss (Rec. Doc. 5)** is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2008, Plaintiff filed a Complaint against the United States of America, the Department of Veterans Affairs and the Prudential Insurance Company of America ("Prudential"), d/b/a the Office of Servicemembers' Group Life Insurance. Plaintiff alleges that she is the designated beneficiary under a Servicemembers' Group Life Insurance ("SGLI") policy issued to Dwayne Landry in the amount of $400,000.00. Plaintiff alleges that she was the sole beneficiary at the time of the death of Dwayne Landry on October 1, 2007, while the policy was in full force and effect. In February, 2008 Plaintiff was informed by the Office of Servicemembers' Group Life Insurance ("OSGLI") that she was the beneficiary of the policy and she submitted proof of the death of the insured, completed a Claims for Death Benefits and submitted a copy of the insured's death

certificate to the OSGLI.[1] She demanded in writing payment of the sum of $400,000.00. The claim has not been paid.

Defendant United States of America, moves for dismissal of this action based on Federal Rules of Civil Procedure 12(b)(1), or in the alternative, 12(b)(6). Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims against the United States because the waiver of immunity in the Servicemembers' Group Life Insurance Act is limited to the government's scope of duty and represents a consent to be sued only for breach of an explicit or implicit duty. Defendant contends that because Plaintiff failed to articulate any type of breach within the government's scope of duty, her claims against the United States must fail.

In the alternative, Defendant moves for dismissal for failure to state a claim on which relief can be granted. Defendant argues that payment of the insurance proceeds is the exclusive province of the private insurer and not the United States, therefore an action for recovery of SGLI benefits lies against Prudential and not the United States.

In opposition, Plaintiff counters that Congress enacted the Servicemembers' Group Life Insurance Act to cover the creation and execution of the SGLI policies. Specifically, Plaintiff cites 38 U.S.C. § 1984(a) entitled "Suit on Insurance"[2] and 38 U.S.C. § 1975 entitled "Jurisdiction of

---

[1] Under the authority of the 38 U.S.C. § 1966(b) Prudential, a private insurer, established an administrative office for the SGLI program which is known as the Office of Servicemembers' Group Life Insurance ("OSGLI"). Plaintiff refers to the OSGLI as an office of the United States Veterans Administration. However, the OSGLI is the administrative office of Prudential for the SGLI program.

[2] "In the event of disagreement as to claim, including claim for refund of premiums, under contract of National Service Life Insurance, United States Government life insurance, or yearly renewable term insurance between the Secretary and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies." 38 U.S.C. § 1984(a).

District Courts"[3] as the statutory authority granting the Court subject matter jurisdiction in the present case.

Plaintiff acknowledges that the payments of proceeds of a SGLI policy are issued by a private insurer, however Plaintiff claims that the Department of Veteran's Affairs is intricately involved in the issuance of and administration of such policies. Additionally, Plaintiff states that the contract of insurance exists between the government and the Insurer for the benefit of the Servicemember and as such, the government is the policy holder.

## II. **DISCUSSION**

Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc., v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). In order to survive a 12(B)(6) motion, the non-moving party must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). A dismissal for lack of subject matter jurisdiction or for failure to state a claim is proper "only if it appears certain, taking all facts as true and resolving all inferences and doubts in plaintiff's favor, that plaintiff's claim would not entitle him to relief." Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992).

The doctrine of sovereign immunity renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the

---

[3] "The district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter." 38 U.S.C. § 1975.

United States has consented to be sued. Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 373 (5th Cir. 1987). Under the Servicemembers' Group Life Insurance Act, 38 U.S.C. §§ 1965 et seq., the government is authorized to purchase group life insurance policies from one or more private insurance companies for the benefit of servicemembers on active duty. The private companies are the insurers, and they alone are responsible for issuing the policy to the servicemembers and for paying the benefits prescribed by the Act. No contract of insurance is created between the insured and the United States. Thus, actions for nonpayment or other breach of the policy lie against the private insurer, and not the government. Jackson v. United States, 398 F.Supp. 607, 608 (N.D. Miss. 1975)(citing Ross v. United States, 444 F.2d 568 (Ct.Cl. 1971)).

Original jurisdiction over any civil action or claim against the United States founded upon the Servicemembers' Group Life Insurance Act is conferred on the U.S. District Courts. 38 U.S.C. § 1975. However, the government's consent to be sued under § 1975 extends only to actions alleging breach of an explicit or implicit duty under the Servicemembers' Group Life Insurance Act. Denton v. United States, 638 F.2d 1218, 1220 (9th Cir. 1981).

The Fifth Circuit found that the deep involvement of the government into the SGLI Program and the manner in which the program is keyed to specialized needs and requirements of military service cause the government to be much more than a routine employer making available to its employees the benefits of group coverage. Shannon v. United States, 417 F.2d 256, 261 (5th Cir. 1969). The court in Shannon stated that "[t]he government's duty in this case, if there be any, springs from its status as the keeper of records on its farflung and transitory uniformed servicemen, and in that capacity its handling of designations of and changes of beneficiaries and its participation in the handling of claims." Id. at 262. However, that involvement does not carry with it "plenary consent to be sued." Id. at 261. Actions at law or in equity to recover on the policy, in which there

is not alleged any breach of any obligation undertaken by the United States, should be brought against the insurer. 38 C.F.R. § 9.13.

In the present matter, Plaintiff has not raised any allegation which would permit the Court to infer any breach of any duty or obligation on the part of the United States. The government had a duty of recordkeeping and maintenance of designation of the beneficiary for Mr. Dwayne Landry's SGLI policy. Plaintiff states that she was informed that she was the beneficiary of that policy by the OSGLI. From that fact, it is apparent that the government fulfilled its duty when it provided the OSGLI with Mr. Landry's pertinent file information containing notice of his death and the identification of his designated beneficiary. Plaintiff has failed to demonstrate any breach of duty on the part of the government and therefore has failed to state a claim against the United States upon which relief can be granted. Plaintiff's claim for unpaid insurance benefits lies solely against the insurer.

The remaining parties are properly before the Court under diversity jurisdiction. See 28 U.S.C.A. § 1332. The amount in controversy exceeds $75,000 and the parties are citizens of different states.[4]

---

[4] Plaintiff is a citizen of the State of Louisiana. Defendant, Prudential, is a life insurance company organized and existing under the laws of New Jersey.

III. CONCLUSION

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 5)** should be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the United States of America are **DISMISSED** with prejudice.

March 19, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE